LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| NOE GALVEZ,<br>*on behalf of himself, FLSA Collective Plaintiffs*<br>*and the Class,*<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KEM REST., INC.<br>　　　　d/b/a DON GIOVANNI RISTORANTE,<br>THOMPSON REST., INC.<br>　　　　d/b/a DON GIOVANNI RISTORANTE,<br>KIMI COHEN,<br>and AARON COHEN,<br><br>　　　　　　　　Defendants. | Case No:<br><br><br>**CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff, NOE GALVEZ ("Plaintiff"), on behalf of himself and others similarly situated,

by and through his undersigned attorneys, hereby files this Class and Collective Action

Complaint against Defendants, KEM REST., INC d/b/a DON GIOVANNI RISTORANTE,

THOMPSON REST. INC. d/b/a DON GIOVANNI RISTORANTE (the "Corporate

Defendants"), KIMI COHEN and AARON COHEN (together the "Individual Defendants," and

collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"),that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime (2) liquidated damages and (3) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.    Plaintiff, NOE GALVEZ, for all relevant time periods, was a resident of Kings County, New York.

6.    Together, Defendants operate two Italian restaurants under the common trade name "Don Giovanni Ristorante" (collectively, "the Restaurants"). The Restaurants are located at:

   a.    214 10th Avenue, New York, NY 10011 ("Don Giovanni Chelsea");

   b.    358 West 44th Street, New York, NY 10036 ("Don Giovanni Times Square").

7.    Corporate Defendants:

    a.    KEM REST., INC. d/b/a DON GIOVANNI RISTORANTE is a domestic corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 214 10th Avenue, New York, NY. KEM REST., INC. operates the Don Giovanni Chelsea Restaurant.

    b.    THOMPSON REST., INC. d/b/a DON GIOVANNI RISTORANTE is a domestic corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 358 West 44th Street, New York, NY 10036. THOMPSON REST., INC. operates the Don Giovanni Times Square Restaurant.

8.    Individual Defendants:

    a.    KIMI COHEN is an owner and principal of each of the Corporate Defendants. KIMI COHEN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. She exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to KIMI COHEN directly regarding any of the terms of their employment, and KIMI COHEN would have the authority to effect any changes to the

quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

b. AARON COHEN is an owner and principal of each of the Corporate Defendants. AARON COHEN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to AARON COHEN directly regarding any of the terms of their employment, and AARON COHEN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

9.    The Corporate Defendants operate as a single integrated enterprise. They are engaged in related activities, share common ownership and management and have a common business purpose.

a. The Defendants share a common management and ownership. Individual Defendants KIMI COHEN and AARON COHEN are both principals and owners of each of the Corporate Defendants.

b.  Each of the Corporate Defendants has the common business purpose of operating an Italian restaurant under the common trade name "Don Giovanni Ristorante" in New York City.

c.  Defendants' Restaurants use the same logo.

d.  Non-exempt employees of Corporate Defendants are fully interchangeable. During Plaintiff's employment by Defendants, Defendants frequently transferred employees between the Restaurants on an as-needed basis.

e.  Defendants' Restaurants maintain centralized labor relations and human resources, and a single payroll system for employees at the Restaurants.

f.  Defendants' Restaurants share a website at www.dongiovanni-nyc.com, where the Restaurants are advertised to the public as a single entity.

g.  Defendants' Restaurants maintain shared social media presences on both Facebook (at https://www.facebook.com/dongiovanninyc) and Twitter (at https://twitter.com/dongiovannirest).

h.  Defendants' Restaurants share a single "Catering Menu" for catering orders from both of the Restaurants which is available online to the public at http://www.dongiovanni-ny.com/catering.

i.  Defendants have previously stipulated to a collective action consisting of non-managerial employees across both the Don Giovanni Chelsea and Don Giovanni Times Square Restaurants. *See Carlos v. Kem Rest, Inc.*, No. 12-CV-8810 (AKH) (S.D.N.Y. Dec. 4, 2012).

10.    At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

12.     Although Plaintiff did not work at both of the Restaurants, he knows, based on his personal observations and conversations with other non-exempt employees, that the Restaurants share identical illegal wage and hour policies. Both of Defendants' Restaurants are thus properly named in this Complaint on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to, all dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium for hours worked in excess of forty (40) each workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all including, but not limited to, all dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures, all culminating in a willful failure to (i) pay them overtime premium for all hours worked in excess of forty (40) each workweek, (ii) pay them spread of hours premium for each shift exceeding ten (10) hours in duration, (iii) provide them with wage and hour notice upon hiring and annually thereafter, and (iv) provide them with wage statements for each payment period.

22.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants failed to pay Plaintiff and Class members overtime premium for all hours worked in excess of forty (40) each workweek;

e)  Whether Defendants failed to pay Plaintiff and Class members spread of hours premium for each shift exceeding ten (10) hours in duration;

f)  Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

g)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

26.    In or around March 2016, Plaintiff NOE GALVEZ was hired by Defendants' Don Giovanni Chelsea Restaurant as a dishwasher. Plaintiff worked for Defendants until in or around November 2016, when his employment was terminated by Defendants.

27.    Throughout his employment by Defendants, Plaintiff worked from approximately 9:00 AM until 5:00 PM, five days per week, and from approximately 9:00 AM until 12:00 AM, one day per week, for a total of approximately fifty-five (55) hours per workweek.

28.    From approximately March 2016 until June 2016, Plaintiff was compensated at a fixed weekly rate of $515 per week. Then, from approximately June 2016 until November 2016, Plaintiff was paid at a fixed weekly rate of $528 per week. Plaintiff was always paid his entire fixed weekly salary in cash. Similarly, FLSA Collective Plaintiffs and Class Members were also paid by Defendants at fixed weekly rates in cash only.

29.    Although Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment by Defendants, Defendants never paid him overtime premium for hours

10

that he worked in excess of forty (40), as required under the FLSA and NYLL. There was never any agreement that the fixed weekly salary that Defendants paid Plaintiff covered the overtime hours in excess of forty (40) that Plaintiff worked each week. Similarly, FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek, but never received any overtime premium for the hours in excess of forty (40) that they worked each workweek.

30.     During his employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium

31.     During his employment by Defendants, Plaintiff never received a proper wage and hour notice upon hiring or upon changes in the information on the notice, as required under the NYLL. In fact, Plaintiff was never provided with any wage and hour notices by Defendants. Similarly, Class Members never received proper wage and hour notices upon hiring or upon changes in the information on the notice.

32.     During his employment by Defendants, Plaintiff never received a proper wage statement. In fact, Defendants never provided Plaintiff with any wage statements during his employment. Similarly, Class Members never received proper wage statements.

33.     Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for all hours they worked over forty (40) in a workweek.

34.     Defendants unlawfully failed to pay Plaintiff and Class Members spread of hours premium for working shifts exceeding ten (10) hours in duration, as required under the NYLL.

35.    Defendants unlawfully failed to provide Plaintiff and Class Members with wage and hour notices upon hiring, as required under the NYLL.

36.    Defendants unlawfully failed to provide Plaintiff and Class Members with wage statements for each pay period, as required under the NYLL.

37. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

38.    Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.    At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

42.     At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek due to time-shaving.

43.     Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

47.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

48.    Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

50.    Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek

51.    Defendants willfully violated Plaintiff and Class members rights by failing to pay them spread of hours premium for working shifts in excess of ten (10) hours in duration each workweek.

52.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

53.    Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

54.    Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

55.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to unpaid overtime, unpaid spread of hours, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law.

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of unpaid spread of hours premium due under the NYLL;

h.      An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

i.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to 29 U.S.C. § 216;

j.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation for all hours worked over 40 per workweek, and spread of hours for all shifts exceeding ten (10) hours in duration, pursuant to the New York Labor Law;

k.      An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m.       Designation of this action as a class action pursuant to F.R.C.P. 23;

n.      Designation of Plaintiff as Representative of Class; and

o.      Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 28, 2017

                            Respectfully submitted,

                            LEE LITIGATION GROUP, PLLC
                            C.K. Lee (CL 4086)
                            Anne Seelig (AS 3976)
                            30 East 39th Street, Second Floor
                            New York, NY 10016
                            Tel.: 212-465-1188
                            Fax: 212-465-1181

                            *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                            *and the Class*

                    By:   */s/ C.K. Lee*
                            C.K. Lee, Esq. (CL 4086)